UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| HOWARD L. SMITH, JR., | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 18-2557 (RC) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| JUSTIN ANDREWS, | : | | |
| | : | | |
| Respondent. | : | | |

## MEMORANDUM OPINION

### GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

### I. INTRODUCTION

This matter is before the Court on Howard L. Smith, Jr.'s *pro se* Petition for Writ of Habeas Corpus.[1] For the reasons discussed below, the Court lacks subject matter jurisdiction, so the petition will be dismissed.

### II. FACTUAL BACKGROUND

On December 9, 1987, Smith was indicted in the Superior Court for the District of Columbia on four charges: burglary in the second degree while armed, murder in the first degree while armed, carrying a pistol without a license, and felony murder. These charges, in case number 1987-FEL-6416, related to the murder of Nelson Able on March 29, 1987. Before Smith was tried on these charges, however, a superseding indictment was issued on January 5, 1988, in which Smith was re-indicted for the murder of Able and the related offenses, as well as two

---

[1] Petitioner captioned his pleading as a "Motion to Vacate, Set Aside, or Correct Sentence by a Prisoner in State Custody, Pursuant to 28 U.S.C. 2254." The Court has construed it as a petition for writ of habeas corpus.

counts of assault with intent to commit murder while armed. The latter two new counts related to a shooting incident that occurred outside of a D.C. nightclub on May 25, 1987.

Following the superseding indictment, Smith was tried before a jury on the charges related to the Able murder and convicted on all four charges. He was sentenced to twenty years to life on the first-degree murder charge, twenty years to life on the felony-murder charge, five to fifteen years on the burglary-while-armed charge, and one year on the charge of carrying a pistol without a license. The sentences for the burglary, felony murder, and first-degree murder convictions were imposed to run concurrently, while the firearm sentence was imposed to run consecutively to those sentences. Following an appeal, the conviction for felony murder was ultimately set aside as duplicative of the first-degree murder conviction. *See Smith v. United States,* No. 88–1290, slip op. at 4 (D.C. Ct. of App. June 17, 1991).

Meanwhile, on January 30, 1989, Smith entered a guilty plea to one count of assault with a dangerous weapon in connection with the May 25, 1987 nightclub assaults. On March 20, 1989, the trial court sentenced him to a term of imprisonment of two to six years and ordered the sentence to run concurrently with the sentences previously imposed for the Able murder. *See United States v. Smith*, 10 F. Supp. 2d 578, 580 (E.D. Va. 1998).[2]

From 1995 through 2016, Smith filed six post-judgment collateral attack motions pursuant to D.C. Code § 23-110 and two federal habeas petitions related to the Able murder.

---

[2] While serving these various sentences, Smith was convicted in February 1998 of second-degree murder and prisoner possession of a shank following a trial in the U.S. District Court for the Eastern District of Virginia. *See Smith*, 10 F. Supp. 2d at 579. These convictions stemmed from a December 1996 incident at the Lorton Reformatory Complex, in which Smith murdered a fellow inmate by stabbing him with a home-made knife. *Id*. He received a sentence of life without parole to run consecutively to his D.C. sentences.

These motions raised a variety of legal challenges, including ineffective assistance of counsel, actual innocence, and illegal indictment under D.C. Code § 22-3202.

In the instant petition, Smith alleges that his Able murder convictions were the result of "a fake superseded indictment that was never presented and re-indicted by a Grand Jury." Pet. at 4, ECF No. 5. Based on this claim, Smith asserts that the Superior Court lacked subject matter jurisdiction over his trial, and that his Fifth Amendment right to be indicted by grand jury was violated. *See id.*

### III. ANALYSIS

Under 28 U.S.C. § 2254, federal district courts are authorized to issue writs of habeas corpus with respect to a person detained pursuant to a state court judgment "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Local D.C. courts, including the Superior Court in which Smith was convicted, are treated as state courts for purposes of this jurisdiction. *See Gorbey v. United States*, 55 F. Supp. 3d 98, 103 (D.D.C. 2014) (citing *Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976)).

For prisoners in D.C., however, habeas relief is particularly challenging to obtain in federal court because of an additional requirement imposed by D.C. Code § 23-110. This provision provides that a habeas petition "shall not be entertained by . . . any Federal . . . court if it appears that [the petitioner] has failed to make a motion for relief under [D.C. Code § 23-110] or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."[3] D.C. Code § 23-110(g).

---

[3] The phrase "'[r]emedy by motion' plainly refers to motions filed pursuant to [§] 23-110(a)." *Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009).

Section § 23-110, in other words, "vest[s] the Superior Court with exclusive jurisdiction over most collateral challenges by prisoners sentenced in that Court." *Williams v. Martinez*, 586 F.3d 995, 1000 (D.C. Cir. 2009). And federal courts lack jurisdiction "to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy . . . has been pursued unsuccessfully." *Garris v. Lindsay*, 794 F.2d 722, 726, (D.C. Cir. 1986) (per curiam) (citing *Swain v. Pressley*, 430 U.S. 372, 377–78 (1977)). Thus, a D.C. "prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." *Byrd v. Henderson*, 119 F.3d 34, 36 (D.C. Cir. 1997) (per curiam).

In Smith's case, the local remedy is neither inadequate nor ineffective. As evidenced by one of Smith's own previous § 23-110 motions (filed in January 2003), improper indictment challenges can be made under § 23-110. Resp.'s Mot. Dismiss at 3–4, ECF No. 5; *see also United States v. Graham*, No. F-5576-03, 2011 D.C. Super. LEXIS 21 (June 2, 2011) (discussing § 23-110 motion involving trial error claims, including prosecutorial misconduct); *Saunders v. United States*, 72 F. Supp. 3d 105, 108 (D.D.C. 2014) (finding that errors in a Superior Court verdict should have been raised under § 23-110); *Johnson v. Stansberry*, No. 10-0178, 2010 WL 358521, at *1 (D.D.C. Jan. 29, 2010) (same with respect to claims of prosecutorial misconduct and imposition of illegal sentence). That Smith was unsuccessful in his 2003 motion does not mean his remedy under § 23-110 was inadequate or ineffective; rather, "[i]t is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative." *See Garris*, 794 F.2d at 727.

More generally, the D.C. Circuit has indicated that § 23-110 is the appropriate route for D.C. prisoners to allege trial court errors like the one Smith has alleged in the current petition.

Indeed, the circuit court has recognized that federal court jurisdiction is proper under § 2254 only in a few narrow categories of cases where the constitutional claim falls outside the scope of § 23-110, such as ineffective assistance of appellate counsel, *see Williams*, 586 F.3d at 1001, or challenges to parole denial procedures, *see Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998). Smith's claims here are far removed from those narrow categories of challenges and relate solely to alleged errors in the trial court (an allegedly defective indictment). As such, § 23-110 is an adequate remedy, and this Court must dismiss his § 2254 petition for lack of jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss is **GRANTED**. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated: July 8, 2019                                RUDOLPH CONTRERAS
                                                   United States District Judge